Brett H. Ramsaur, Bar No. 281566
Joshua M. Nyman, Bar No. 356484
RAMSAUR LAW OFFICE
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
Telephone: 949.200.9114
Facsimile: 949.222.3453
Email: brett@ramsaurlaw.com

Attorneys for Jiangsu Haoxing New Materials Company

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>KOLAY FLOORING INTERNATIONAL LLC,<br><br>Debtor. | Case No. 2:24-bk-18688-DS<br><br>Chapter 7<br><br>Adv. No. |
| DANIEL MITCHELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REDDINGTON STRUCTURAL SOLUTIONS, LLC, a Wyoming Limited Liability Company; JUNHUA "MARK" MAO, an individual; SHUREN "RAYMOND" CHENG, an individual; JOE WESTERFIELD, an individual; JIANGSU PORTILOOR NEW MATERIAL COMPANY, a Chinese Company; JIANGSU HAOXING NEW MATERIALS COMPANY, a Chinese Company; SHANGHI ZEHONG INTERNATIONAL LOGISTICS COMPANY, LTD., a Chinese Company; JIANGSU SUCCESS WOOD PRODUCTS COMPANY, LTD., a Chinese Company; DOES I-XX, Inclusive; ROE CORPORATIONS I-XX, Inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1412, 28 U.S.C. § 1404(a), AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, DEBTOR KOLAY FLOORING INTERNATIONAL LLC, AND ALL OTHER INTERESTED PARTIES**

PLEASE TAKE NOTICE that defendant Jiangsu Haoxing New Materials Company ("Haoxing"), pursuant to 28 U.S.C. § 1412, 28 U.S.C. § 1404(a) and Rule[1] 9027, hereby removes the civil action pending in the United States District Court for the District of Nevada (the "Nevada Court") styled *Daniel Mitchell v. Reddington Structural Solutions, LLC, et al.* and assigned Case Number 2:25-cv-00170-GMN-EJY (the "Nevada Court Action") to the United States Bankruptcy Court for the Central District of California, Los Angeles Division. Haoxing consents to this Court's entry of final orders or judgment in the Nevada Court Action.

A true and correct copy of the First Amended Complaint in the Nevada Court Action is attached hereto as **Exhibit 1**.

## I.

## INTRODUCTION

Plaintiff Daniel Mitchell ("Mitchell") has commenced a trademark infringement case in the Nevada Court seeking to enforce rights applicable to debtor Kolay Flooring International LLC ("Debtor"). Removal is warranted due to considerations of convenience, cost-effectiveness, judicial efficiency, and the lack of connection to the current forum in Nevada.

## II.

## FACTUAL BACKGROUND

### A. The Nevada Court Action and bankruptcy filing

On October 24, 2024, petitioning creditors Zehong Logistics (HK) Co., Ltd. ("Zehong"), Haoxing, and Hytex/Suzhou Potiloor New Materials Co., Ltd. ("Potiloor") (collectively, "Petitioning Creditors") filed their petition, commencing the instant involuntary proceedings.[2]

---

[1] Unless otherwise indicated, all "Code," "chapter," and "section" references are to Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP") which make applicable certain Federal Rules of Civil Procedure ("FRCP").

[2] Docket No. 1

On or about January 28, 2025, Mitchell, the founding member and President of Debtor, filed Nevada Court Action.[3]

Through the Nevada Court Action, Mitchell seeks to enforce trademarks involving Debtor's brand.[4]

## II.

## GROUNDS FOR REMOVAL

Generally, a "party may remove any claim or cause of action in a civil action [...] to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334" of Title 28 of the United States Code. 28 U.S.C. § 1452(a).

The district courts have "original but not exclusive jurisdiction of all civil proceedings [...] related to cases under" U.S. Bankruptcy Code. 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a) and General Order 13-05, the United States District Court for the Central District of California has referred all proceedings related to bankruptcy cases to this Court. A civil proceeding is "related to" a bankruptcy case for purposes of 28 U.S.C. § 1334(b) where: '*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.' *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988), quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original).

The Nevada Court Action is related to this bankruptcy case within the meaning of 28 U.S.C. § 1334(b). While Haoxing denies Mitchell's allegations in the Nevada Court Action, the Nevada Court Action could conceivably affect Debtor's intangible personal property (i.e., its

---

[3] Ex. 1.

[4] *Id.*

goodwill, trade name, etc.). Such an outcome would unquestionably directly affect Debtor's bankruptcy estate.

This Court therefore has subject-matter jurisdiction over the Nevada Court Action under 28 U.S.C. § 1334(b) and removal of the Nevada Court Action to this Court is thus proper under 28 U.S.C. § 1452(a).

Dated: February 27, 2025

RAMSAUR LAW OFFICE

By: /s/ Brett H. Ramsaur
Brett H. Ramsaur

Attorneys for Jiangsu Haoxing New Materials Company

# Exhibit 1

MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
GARRETT R. CHASE, ESQ.
Nevada Bar No. 14498
JOSHUA J. FLOTH, ESQ.
Nevada Bar No. 16860
**VC2 LAW**
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: michael@vc2law.com
garrett@vc2law.com
josh@vc2law.com
*Attorneys for Plaintiff*

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL MITCHELL, an individual,

Plaintiff,

v.

REDDINGTON STRUCTURAL SOLUTIONS, LLC, a Wyoming Limited Liability Company; JUNHUA "MARK" MAO, an individual; SHUREN "RAYMOND" CHENG, an individual; JOE WESTERFIELD, an individual; JIANGSU PORTILOOR NEW MATERIAL COMPANY, a Chinese Company; JIANGSU HAOXING NEW MATERIALS COMPANY, a Chinese Company; SHANGHI ZEHONG INTERNATIONAL LOGISTICS COMPANY, LTD., a Chinese Company; JIANGSU SUCCESS WOOD PRODUCTS COMPANY, LTD., a Chinese Company; DOES I-XX, Inclusive; ROE CORPORATIONS I-XX, Inclusive,

Defendants.

Case No.: 2:25-cv-00170-GMN-EJY

**FIRST AMENDED COMPLAINT**

COMES NOW DANIEL MITCHELL ("Plaintiff"), by and through his attorney of record, VC2 Law, brings this Complaint against Defendants, REDDINGTON STRUCTURAL SOLUTIONS, LLC ("Reddington"), JUNHUA "MARK" MAO ("Mr. Mao"), SHUREN

"RAYMOND" CHENG ("Mr. Cheng"), JOE WESTERFIELD ("Mr. Westerfield"), JIANGSU PORTILOOR NEW MATERIAL COMPANY ("Portiloor"), JIANGSU HAOXING NEW MATERIALS COMPANY ("Haoxing"), SHANGHI ZEHONG INTERNATIONAL LOGISTICS COMPANY, LTD. ("Zehong"), JIANGSU SUCCESS WOOD PRODUCTS COMPANY, LTD. ("Success Wood"), DOES I through XX, inclusive, and ROE CORPORATIONS I through XX, inclusive (each of the foregoing collectively being the "Defendants"), and hereby alleges as follows:

**PARTIES**

1. Plaintiff is, and was at all times material herein, an individual living in Clark County, Nevada.

2. Defendant, Reddington, is, and was at all times material herein, a Wyoming Limited Liability Company with a principal place of business in Sheridan County, Wyoming.

3. Defendant, Mr. Mao, is, and was at all times material herein, an individual Chinese national who would occasionally work in Clark County, Nevada after being hired to work for Kolay Flooring International, LLC ("Kolay").

4. Defendant, Mr. Cheng is, and was at all times material herein, an individual Chinese national who would occasionally work in in Clark County, Nevada after being hired to work for Kolay.

5. Defendant, Mr. Westerfield, is, and was at all times material herein, an individual living in Tennessee who would occasionally work in Clark County, Nevada after being hired to work for Kolay.

6. Defendant, Portiloor, is, and was at all times material herein, a Chinese Company and has a principal place of business in China.

7. Defendant, Haoxing, is, and was at all times material herein, a Chinese Company and has a principal place of business in China.

8. Defendant, Zehong, is, and was at all times material herein, a Chinese Company and has a principal place of business in China.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

9. Defendant, Success Wood, is, and was at all times material herein, a Chinese Company and has a principal place of business in China.

10. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants and/or their alter egos sued herein as DOES I through XX and ROE CORPORATIONS I through XX, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated herein as a DOE or a ROE CORPORATION is responsible in some manner for the events and happenings herein referred to and caused damages thereby to the Plaintiff as herein alleged; that Plaintiff may ask leave of this court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through XX or ROE CORPORATIONS I through XX when the same have been ascertained by Plaintiff, together with appropriate charging allegations and to join such Defendants in this action.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter pursuant to 15 USC § 1121, and 28 USC §§ 1331, 1332, and 1338, because this is an action arising under the laws of the United States and relating to trademarks.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada, Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

13. This Court has personal jurisdiction over Defendants because each Defendant has, through their infringing and wrongful actions outlined below, injured Plaintiff within this judicial district in violation of Plaintiff's intellectual property rights. As such, personal jurisdiction is proper because each Defendant has committed infringing, tortious, and otherwise wrongful acts in Clark County, Nevada, and has wrongfully caused Plaintiff substantial injury in Clark County, Nevada.

14. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over

Reddington on the basis that Reddington has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Reddington has purposefully availed itself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

15. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Mr. Mao on the basis that Mr. Mao has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Mr. Mao has purposefully availed himself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

16. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Mr. Cheng on the basis that Mr. Cheng has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Mr. Cheng has purposefully availed himself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

17. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Mr. Westerfield on the basis that Mr. Westerfield has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Mr. Westerfield has purposefully availed himself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

18. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Portiloor on the basis that Portiloor has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Portiloor has purposefully availed itself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

19. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Haoxing on the basis that Haoxing has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Haoxing has purposefully availed itself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

20. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Zehong on the basis that Zehong has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Zehong has purposefully availed itself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

21. Pursuant to Nevada's long-arm statute and the general principles of due process, the United States District Court for the District of Nevada also has personal jurisdiction over Success Wood on the basis that Success Wood has sufficient minimum contacts with Nevada, Plaintiff's claims are based on and related to those contacts, and Success Wood has purposefully availed itself of the jurisdiction of Nevada by utilizing knowledge and contacts gathered in Nevada in order to infringe upon registered trademarks owned by an individual residing in Nevada.

## PLAINTIFF'S KOLAY TRADEMARKS AND ASSOCIATED KOLAY-BRANDED PRODUCTS

22. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

23. Plaintiff is the founding member and President of Kolay.

24. Kolay is in the business of manufacturing and distribution of flooring products.

25. Plaintiff is the owner of all right, title and interest in and to U.S. Registration Nos. 5661477 and 5661478 for the KOLAY standard character mark (collectively, the "Kolay Trademarks"). A true and correct copy of the registration certificates for the Kolay Trademarks are attached as Exhibit A. The marks are valid, subsisting, unrevoked, and uncancelled, and the

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

registrations for the Marks constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the Marks pursuant to 15 U.S.C. § 1057(b).

26. Plaintiff's Kolay brand, symbolized by the Kolay Trademarks, are a recognized symbol of high-quality and innovative flooring products. As detailed below, Plaintiff has been using the Kolay Trademarks for many years in connection with the advertising and sale of Plaintiff's branded products in interstate and foreign commerce, including commerce in the State of Nevada.

27. The Kolay Trademarks have been widely promoted, both in the United States and throughout the world. Consumers, potential consumers, and other members of the public and the flooring industry not only associate Plaintiff's Kolay-branded products with exceptional materials, style, and workmanship, but also recognize Plaintiff's Kolay-branded products sold in the United States originate exclusively with Plaintiff.

28. Plaintiff has never assigned or licensed any of the Kolay Trademarks to any of the Defendants in this matter.

29. The Kolay Trademarks are a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

30. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Kolay-branded products.

31. Products commonly sold by Kolay include the Luxury Vinyl Tile ("LVT"), Luxury Vinyl Plank ("LVP"), and Stone Plastic Composite Flooring ("SPC").

32. All LVT, LVP, and SPC products sold by Kolay display the Kolay Trademarks on the product packaging.

## DEFENDANTS' BACKGROUND

33. Mr. Mao began working for Kolay in or around 2016.

34. Mr. Mao was in charge of quality control for Kolay, as well as sourcing factories in China who would manufacture the flooring materials for Kolay.

35. Mr. Mao also oversaw the hiring of engineers who would design the flooring product on behalf of Kolay.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

36. Mr. Mao hired Mr. Cheng to perform quality control on the Kolay-branded flooring products being imported from China.

37. Mr. Cheng later transitioned to the manufacturing division of Kolay, where he supervised the production of flooring products and facilitated communication by translating for the Chinese engineers employed by the company.

38. Mr. Cheng eventually took on the role of sourcing flooring products for Kolay.

39. When Mr. Cheng began working for Kolay, he lived in China, but he would commonly have prolonged stays in Las Vegas, Nevada throughout his employment with Kolay in order to assist Kolay in the United States.

40. Plaintiff hired Mr. Westerfield to work for Kolay in 2020 as Kolay's Executive Vice President of Customer Relations.

41. In this capacity, Mr. Westerfield conducted quality inspections of Kolay-branded flooring products and investigated any instances of product defects .

42. Mr. Westerfield was also responsible for managing customer claims related to alleged defective Kolay flooring products in the event of a complaint.

43. Mr. Westerfield later transitioned into Kolay's sales department, where he was given access to a confidential and comprehensive list of the company's customers to facilitate sales efforts.

44. Mr. Mao and Mr. Cheng worked for Kolay until March of 2024.

45. On March 20, 2024, Mr. Mao and Mr. Cheng formed Reddington by registering Reddington with the Wyoming Secretary of State.

46. Like Kolay, Reddington is in the business of flooring distribution and manufacturing.

47. Upon information and belief, in June 2024, while Mr. Westerfield was still employed at Kolay, Mr. Mao and Mr. Cheng persuaded him to join Reddington in their efforts to sell product as "Kolay.".

48. In June 2024, Mr. Westerfield began working for Reddington while still employed at Kolay, without Plaintiff's knowledge.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

49. Upon information and belief, Mr. Westerfield, acting as Kolay's Vice President, shared with Reddington and its principals the confidential list of Kolay customers that was provided to him to perform his duties as Kolay's in his duties as Kolay's Vice President nad manager of Kolay's sales department.

50. Mr. Westerfield continued working for both Kolay and Reddington until October 2024, when Kolay became aware of his employment with Reddington and subsequently terminated his position .

51. While working for both companies, Kolay compensated Mr. Westerfield with an annual salary exceeding $175,000, along with expenses.

52. In June 2024, Reddington placed an order for flooring products from Portiloor. Reddington received the flooring materials on July 18, 2024.

53. In September 2024, Reddington placed an order for flooring products from Haoxing. Reddington received the flooring materials on November 11, 2024.

54. Portiloor and Haoxing were the Chinese manufacturing companies that produced the Kolay-branded LVT, LVP, and SPC products for Kolay.

55. Reddington has received at least five shipments from Portiloor since July of 2024.

56. Reddington has received at least two shipments from Haoxing since November of 2024.

57. Furthermore, the freight company responsible for handling the shipment of the Portiloor goods was Zehong, which had conducted extensive business with Kolay in the past.

58. Upon information and belief, Zehong assisted Reddington, Mr. Mao, Mr. Cheng, and Mr. Westerfield in executing the scheme to sell Kolay-branded flooring products without Kolay's express prior approval.

59. Upon information and belief, Reddington, Mr. Mao, Mr. Cheng, and Mr. Westerfield contacted Portiloor and Haoxing to order identical LVT, LVP, and SPC products bearing the Kolay Trademarks—products that are identical to the products sold by Kolay.

60. Based upon the bills of lading for the shipments, all flooring products ordered by Reddington, Mr. Mao, Mr. Cheng, and Mr. Westerfield were sent to Reddington's third party

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

logistics company located in Dalton, Georgia, who held the flooring products in its warehouse until an order for such flooring products was made. Upon a sale of the flooring product, the third party logistics company would then ship the flooring product to the customer who placed the order.

61. On June 19, 2024, Mr. Cheng emailed Kolay employees Jerry Keepers ("Mr. Keepers"), Mr. Westerfield, and Shelly Hafner ("Ms. Hafner") the following:

> You guys might've already known or not, [Mr. Mao] and I founded a US company after we left Kolay this year named Reddington Structural Solutions. Which aims to directly bring LVT/SPC flooring to US, now with [Mr. Westerfield] on board, we already have few containers on their way to US. On the other hand still we'd also like to have Jerry and Shelly because we know that you guys having problems getting materials from Kolay and this will damage your own reputations that's been built by many years' hardworking. With RSS in the picture, you guys can get materials from us and we could offer you a more competitive price and better product. We offer two supply solutions: 1. Container order would be directly shipped to door. 2. we will stock some regular colors on both LVT/SPC in GA for quick turnaround.
> With that being said, I'd like to ask you guys several questions:
> 1. What color and product (detailed spec like 2mm/12mil) do you guys need?
> 2. Please also inform detailed monthly qty on each one.

A true and correct copy of the June 19, 2024 email from Mr. Cheng is attached as Exhibit B.

62. On July 3, 2024, Mr. Keepers sent the following email to Mr. Mao and to Mr. Cheng:

> Just wondering if you might be able to supply me with approximately 3,200' of Sugar Grove- 5mm/22mil- 9" x 48".
> Trying to win back one of my old customers and Sugar Grove had been one of there standard colors used for upgrades in the facility."

A true and correct copy of the July 3, 2024 email from Mr. Keepers is attached as Exhibit C.

63. Sugar Grove is a color of LVT which is only produced and sold by Kolay.

64. On July 22, 2024, Mr. Cheng emailed Mr. Keepers and Mr. Westerfield the following:

> "Last week we talked about SPC stock plan, let's say 1*20f container fitting 16 pallets, each pallet is 1512sqf for 5.5mm, please send me what colors are your guys estimating quick turnaround.

A true and correct copy of the July 22, 2024 email from Mr. Cheng is attached as Exhibit D.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

65. Upon noticing a significant decline in Kolay's sales, Plaintiff conducted a thorough examination of the company's business records and discovered a drastic drop in the total sales of SPC, LVP, and LVT.

66. Between September 19, 2024 and September 20, 2024, an email chain took place between Success Wood, Mr. Westerfield, and Fred Roehm ("Mr. Roehm").

67. Success Wood is a direct competitor of Kolay and engages in the sale and production of flooring products.

68. Mr. Roehm is the Chief Financial Officer for Alpinewest Resources, Inc. ("AR"), who was a regular customer of Kolay in the past.

69. In the email chain, Success Wood and Mr. Westerfield instructed Mr. Roehm on how to process a wire transfer for the sale of flooring products.

70. Upon information and belief, Mr. Westerfield and Success Wood sold Kolay-branded flooring products without Plaintiff's authorization.

71. Upon information and belief, Mr. Westerfield shared AR's contact information from Kolay's confidential client list with Success Wood.

72. Upon information and belief, Mr. Westerfield provided Success Wood with the Kolay flooring product so that Success Wood could sell Kolay-branded flooring products to AR, despite having no authorization from Plaintiff to do so.

73. On December 6, 2024, Kolay received a Facebook message from Ryan Wilson ("Mr. Wilson"), an owner of a retail flooring store in Utah, inquiring whether Kolay had any more LVP available, as his customers were purchasing a significant amount of Kolay-branded LVP that he had recently acquired.

74. Kolay had no records of selling LVP to Mr. Wilson, but Mr. Wilson had pictures of the products he received, all which bore the Kolay Trademarks on the packaging.

75. Upon information and belief, Haoxing sold and delivered this Kolay-branded LVP to Mr. Wilson without Kolay's authorization.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

76. On January 1, 2025, Reddington's third party logistics company dispatched an 8400 pound shipment of LVT flooring to Memphis Jewish Home ("MJH") located in Cordova, Tennessee.

77. MJH has done extensive business with Kolay in the past and has regularly ordered LVT from Kolay.

78. Upon information and belief, Reddington, Mr. Mao, Mr. Cheng, and Mr. Westerfield contacted MJH using the confidential client list Mr. Westerfield had wrongfully taken during his time at Kolay.

79. Upon information and belief, Reddington, Mr. Mao, Mr. Cheng, and Mr. Westerfield contracted with MJH in order to sell their infringing Kolay-branded LVT flooring to MJH.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ◦ Fax: (702) 478-7779

## FIRST CAUSE OF ACTION

### Plaintiff against all Defendants

### (Federal Trademark Infringement and Counterfeiting in Violation of § 32 of the Lanham Act (15 U.S.C. § 1114))

80. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

81. "To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."[1]

82. Plaintiff holds a protectable ownership interest in the registered Kolay Trademarks by virtue of their registration with the USPTO.

83. Plaintiff's Kolay Trademarks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value. The Kolay Trademarks are highly distinctive and have become universally associated in the public mind with

[1] *Xcentric Ventures, LLC v. Mediolex Ltd.*, 653 Fed. Appx. 540, 540 (9th Cir. 2016).

Plaintiffs' products. Consumers associate the Kolay Trademarks with Plaintiff as the source of the very highest quality products.

84. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington unlawfully used the Kolay Trademarks by applying them to the flooring products they were selling in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting interstate commerce.

85. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Portiloor unlawfully used the Kolay Trademarks by manufacturing and supplying counterfeit Kolay-branded flooring products to Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington to be sold in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting interstate commerce.

86. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Haoxing unlawfully used the Kolay Trademarks by manufacturing and selling counterfeit Kolay-branded flooring products in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting interstate commerce.

87. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Zehong unlawfully used the Kolay Trademarks by assisting Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington with shipping counterfeit Kolay-branded flooring products to be sold in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting interstate commerce.

88. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Success Wood unlawfully used the Kolay Trademarks by manufacturing and selling counterfeit Kolay-branded flooring products in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting interstate commerce.

89. Defendants' use of copies or approximations of Plaintiff's Kolay Trademarks in conjunction with Defendant's counterfeit Kolay-branded products is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

counterfeit Kolay-branded products, and is likely to deceive the public into believing the counterfeit Kolay-branded products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff—all to the damage and detriment of Plaintiff's reputation, goodwill, and sales.

90. Furthermore, there has already been confusion as Mr. Wilson, AR, and MJH have all purchased Defendants' counterfeit Kolay-branded flooring products under the mistaken belief that they were purchasing genuine Kolay flooring products, due to Defendants' unauthorized use of the Kolay Trademarks.

91. Emails sent by Mr. Cheng to Kolay's employees clearly demonstrate that Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington willfully infringed the Kolay Trademarks.

92. By manufacturing and supplying counterfeit Kolay-branded flooring products to Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington, despite knowing Plaintiff had ownership of the Kolay Trademarks, it is clear that Portiloor willfully sought to infringe the Kolay Trademarks.

93. Haoxing's overt use of the Kolay Trademarks on counterfeit Kolay-branded flooring products, as well as its manufacture of such products bearing the Kolay Trademarks, despite knowing Plaintiff had ownership of the Kolay Trademarks, clearly demonstrates Haoxing's intent to willfully infringe the Kolay Trademarks.

94. Success Wood's outreach to former Kolay clients to sell counterfeit Kolay-branded flooring products clearly demonstrates its intent to willfully infringe the Kolay Trademarks.

95. Zehong's active involvement in assisting Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington by shipping large quantities of counterfeit Kolay-branded flooring products clearly demonstrates Zehong's intent to willfully infringe the Kolay Trademarks.

96. As a direct and proximate result of the foregoing misconduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount of which shall be proven at the time of trial of this matter.

97. The Lanham Act permits the awarding of attorney's fees in "exceptional cases," and Defendants' willful and intentional infringement of the Kolay Trademarks clearly constitutes such a case.

98. As a direct and proximate result of the foregoing misconduct, Plaintiff has been required to obtain the services of counsel to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred to bring this action pursuant to 17 U.S.C. § 1117.

99. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill, reputation, and sales.

## SECOND CAUSE OF ACTION

**Plaintiff against all Defendants**

**(False Designation of Origin and Unfair Competition in Violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))**

100. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

101. As alleged herein, Defendants have engaged in the unauthorized use of Plaintiff's Kolay Trademarks through their unauthorized manufacture, distribution, sale, and use of counterfeit Kolay-branded flooring products in United States commerce.

102. Defendants' unlawful use of the Kolay Trademarks constitutes false and misleading designations of origin, and misleading representations of fact, which: (i) are likely to cause confusion or mistake, or will deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff; and/or (ii) misrepresent the nature, characteristics, or qualities of Defendants' goods or commercial activities.

103. Defendants' misconduct in violation of 15 U.S.C. § 1125(a) has caused, and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury to Plaintiff's business, reputation, and goodwill for which Plaintiff is without an adequate remedy at law.

104. As a direct and proximate result of Defendants' intentional and willful violation of

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

15 U.S.C. § 1125(a), Plaintiff has suffered and will continue to suffer injury, loss, and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1117, and disgorgement of Defendants' unlawful gains and profits.

**THIRD CAUSE OF ACTION**

**Plaintiff against all Defendants**

**(Nevada Common Law Trademark Infringement and Unfair Competition)**

105. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

106. Plaintiff holds a protectable ownership interest in the registered Kolay Trademarks by virtue of their registration with the USPTO.

107. Plaintiff's Kolay Trademarks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value. The Kolay Trademarks are highly distinctive and have become universally associated in the public mind with Plaintiffs' products. Consumers associate the Kolay Trademarks with Plaintiff as the source of the very highest quality products.

108. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington unlawfully used the Kolay Trademarks by applying them to the flooring products they were selling in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting commerce in the State of Nevada.

109. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Portiloor unlawfully used the Kolay Trademarks by manufacturing and supplying counterfeit Kolay-branded flooring products to Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington to be sold in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting commerce in the State of Nevada.

110. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Haoxing unlawfully used the Kolay

Trademarks by manufacturing and selling counterfeit Kolay-branded flooring products in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting commerce in the State of Nevada.

111. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Zehong unlawfully used the Kolay Trademarks by assisting Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington with shipping counterfeit Kolay-branded flooring products to be sold in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting commerce in the State of Nevada.

112. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the Kolay Trademarks, Success Wood unlawfully used the Kolay Trademarks by manufacturing and selling counterfeit Kolay-branded flooring products in direct competition with Plaintiff's genuine Kolay-branded products, in or affecting commerce in the State of Nevada.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

113. Defendants' use of copies or approximations of Plaintiff's Kolay Trademarks in conjunction with Defendant's counterfeit Kolay-branded products is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the counterfeit Kolay-branded products, and is likely to deceive the public into believing the counterfeit Kolay-branded products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff—all to the damage and detriment of Plaintiff's reputation, goodwill, and sales.

114. Furthermore, there has already been confusion as Mr. Wilson, AR, and MJH have all purchased Defendants' counterfeit Kolay-branded flooring products under the mistaken belief that they were purchasing genuine Kolay flooring products, due to Defendants' unauthorized use of the Kolay Trademarks.

115. Emails sent by Mr. Cheng to Kolay's employees clearly demonstrate that Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington willfully infringed the Kolay Trademarks.

116. By manufacturing and supplying counterfeit Kolay-branded flooring products to Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington, despite knowing Plaintiff had ownership

of the Kolay Trademarks, it is clear that Portiloor willfully sought to infringe the Kolay Trademarks.

117. Haoxing's overt use of the Kolay Trademarks on counterfeit Kolay-branded flooring products, as well as its manufacture of such products bearing the Kolay Trademarks, despite knowing Plaintiff had ownership of the Kolay Trademarks, clearly demonstrates Haoxing's intent to willfully infringe the Kolay Trademarks.

118. Success Wood's outreach to former Kolay clients to sell counterfeit Kolay-branded flooring products clearly demonstrates its intent to willfully infringe the Kolay Trademarks.

119. Zehong's active involvement in assisting Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington by shipping large quantities of counterfeit Kolay-branded flooring products clearly demonstrates Zehong's intent to willfully infringe the Kolay Trademarks.

120. As a direct and proximate result of Defendants' unfair, unlawful, and illegal business acts and practices, Plaintiff has suffered, and will continue to suffer, irreparable harm to Plaintiff's reputation and goodwill. Accordingly, Plaintiff is entitled to injunctive relief as set forth herein.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

## FOURTH CAUSE OF ACTION

**Plaintiff against Portiloor, Haoxing, Success Wood, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington**

**(Tortious Interference with Economic Advantage)**

121. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

122. "To succeed on a claim for tortious interference with economic advantage, a plaintiff must show the following elements: '(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or

justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct.'"[2]

123. Pursuant to Plaintiff's license of the Kolay Trademarks to Kolay, Kolay and Plaintiff were the only authorized parties to engage in the sale of Kolay-branded flooring products.

124. Plaintiff had multiple business relationships with various flooring customers across the United States, who continuously engaged with Plaintiff to purchase and receive Kolay-branded flooring products.

125. Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington knew about these contractual relationships, as Mr. Reddington, Mr. Mao, and Mr. Cheng worked for Kolay to secure these sales with the flooring retailers.

126. Additionally, Mr. Westerfield had access to Kolay's entire customer list.

127. Upon information and belief, Mr. Westerfield shared such customer list with Success Wood, Mr. Cheng, Mr. Mao, and Reddington, who would then sell counterfeit Kolay-branded flooring products to the customers while representing them as authentic Kolay products.

128. Haoxing was aware of these contractual relationships, as it had been a long-time manufacturer of Kolay flooring products and shipped products to these customers.

129. Portiloor was aware of these contractual relationships as it had been a long-time manufacturer of Kolay flooring products and shipped products to these customers.

130. Success Wood was aware of these contractual relationships as it had been a long-time competitor of Kolay and was aware of the customers to whom Kolay and Plaintiff supplied Kolay-branded flooring products.

131. Upon information and belief, Defendants contacted Kolay customers who did business with Plaintiff in order to supply Kolay-branded flooring products without any authorization from Plaintiff to do so.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

---

[2] *Silver State Broad., LLC v. Beasley FM Acquisition Corp.*, 2:11-CV-01789-MMD, 2012 WL 3996369 (D. Nev. Sept. 11, 2012).

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 ○ Fax: (702) 478-7779

132. Upon information and belief, Defendants intended to improperly interfere with Plaintiff's business prospects by offering the counterfeit Kolay-branded flooring products to other flooring retailers without having express authorization to do so.

133. These actions caused significant harm to Plaintiff, as Defendants' interference resulted in a substantial loss of sales of authentic Kolay flooring products. By selling counterfeit Kolay-branded flooring products to Plaintiff's customers, Defendants deprived Plaintiff of the opportunity to make those sales.

134. Defendants never possessed any privilege or justification for usurping Plaintiff's opportunity to sell Kolay flooring products to Kolay's customers.

135. As a direct and proximate result of the foregoing misconduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount of which shall be proven at the time of trial of this matter.

136. As a direct and proximate result of the foregoing misconduct, Plaintiff has been required to obtain the services of counsel to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred to bring this action.

**FIFTH CAUSE OF ACTION**

**Plaintiff against Defendants**

**(Conversion)**

137. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

138. "To prevail on a conversion claim, a plaintiff must prove: (1) the defendant committed a distinct act of dominion wrongfully exerted over the plaintiff's personal property; (2) the act was in denial of, or inconsistent with, the plaintiff's title or rights therein; and (3) the act was in derogation, exclusion, or defiance of the plaintiff's title or rights in the personal property."[3]

139. Pursuant to Plaintiff's license of the Kolay Trademarks to Kolay, Kolay and Plaintiff were the only authorized parties to engage in the sale of Kolay-branded flooring products.

---

[3] *Amatrone v. State Farm Fire & Cas. Co.*, 2018 WL 772078 (D. Nev. Feb. 7, 2018).

140. All Kolay flooring products affixed with the Kolay Trademarks which entered the stream of commerce in the United States belonged solely to Plaintiff.

141. Defendants asserted dominion over the Kolay flooring products by manufacturing, shipping, and/or selling them with all proceeds going to Defendants.

142. Defendants' denial of Plaintiff's sole ownership interest in Kolay-branded flooring products entering the stream of commerce in the United States is inconsistent with Plaintiff's ownership rights.

143. Defendants' acts of manufacturing, shipping, and/or selling Kolay-branded flooring products were in derogation, exclusion, or defiance of Plaintiff's sole ownership interest in Kolay-branded flooring products entering the stream of commerce in the United States.

144. As a direct and proximate result of the foregoing misconduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount of which shall be proven at the time of trial of this matter.

145. As a direct and proximate result of the foregoing misconduct, Plaintiff has been required to obtain the services of counsel to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred to bring this action.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

**<u>SIXTH CAUSE OF ACTION</u>**

**Plaintiff against Portiloor, Haoxing, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington**

**(Civil Conspiracy)**

146. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

147. "To establish a claim for civil conspiracy, a plaintiff must show: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort."[4]

[4] *LaPeer v. City of Henderson*, 2024 U.S. Dist. LEXIS 136990, at *20 (D. Nev. Aug. 1, 2024).

148. As discussed above, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington infringed Plaintiff's Kolay Trademarks by utilizing the Kolay Trademarks on flooring products it ordered to be manufactured and sent by Portiloor and Haoxing for the purpose of unlawfully selling the flooring products under the Kolay brand.

149. Portiloor, Haoxing, Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington conspired to execute this infringement scheme in order to capitalize on the excellent and respected reputation that Kolay had built over many years. They sought to sell Kolay-branded products, manufactured by the same Chinese manufacturers under standards developed by Plaintiff through more than 50 trips to China. However, Defendants misrepresented the quality of the Kolay-branded products to sell it for their own benefit.

150. This agreement between Mr. Westerfield, Mr. Cheng, Mr. Mao, and Reddington caused Plaintiff to suffer significant damages, as Plaintiff received no compensation from the unauthorized and unlicensed sale of the counterfeit Kolay-branded flooring products.

151. As a direct and proximate result of the foregoing misconduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount of which shall be proven at the time of trial of this matter.

152. As a direct and proximate result of the foregoing misconduct, Plaintiff has been required to obtain the services of counsel to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred to bring this action.

**SEVENTH CAUSE OF ACTION**

**Plaintiff against Mr. Westerfield and Success Wood**

**(Civil Conspiracy)**

153. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

154. "To establish a claim for civil conspiracy, a plaintiff must show: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

tort."[5]

155. Plaintiff possessed the sole right to the use and sale of Kolay flooring products entering the stream of commerce in the United States.

156. Mr. Westerfield and Success Wood conspired to convert the right for the use and sale of Kolay flooring products entering the stream of commerce in the United States by improperly selling the counterfeit Kolay-branded flooring products.

157. Through this agreement, Plaintiff was dispossessed of his sole ownership rights in the use and sale of Kolay-branded flooring products entering the stream of commerce in the United States.

158. As a direct and proximate result of the foregoing misconduct, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount of which shall be proven at the time of trial of this matter.

159. As a direct and proximate result of the foregoing misconduct, Plaintiff has been required to obtain the services of counsel to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaring that each Defendants' use of the Kolay Trademarks and sale of the counterfeit Kolay-branded flooring products infringes Plaintiff's rights in and to the Kolay Trademarks;

2. Declaring that each Defendant's conduct was knowing, intentional, and willful;

3. Permanently enjoining each Defendant and each Defendant's successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, from:

a. using the Kolay Trademarks, or any reproduction, counterfeit, copy, or colorable imitation of the Kolay Trademarks in connection with the distribution,

[5] *LaPeer*, 2024 U.S. Dist. LEXIS 136990, at *20.

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

advertising, offer for sale, and/or sale of merchandise that are not genuine products belonging to Plaintiff or to Kolay;

b. passing off, inducing, or enabling others to sell or pass off any counterfeit Kolay-branded flooring products as genuine products made and/or sold by Plaintiff or by Kolay;

c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit Kolay-branded flooring products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing on the Kolay Trademarks and damaging Plaintiff's goodwill;

e. competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Kolay Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating any domain name that is being used to sell or is the means by which Defendants could continue to sell counterfeit Kolay-branded flooring products ;

h. operating and/or hosting websites and any other domain names that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Kolay Trademarks, or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Kolay Trademarks;

i. registering any additional domain names that use or incorporate any of the Kolay Trademarks.

j. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online ecommerce, money transfer, or bank accounts;

k. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Kolay Trademarks; and

l. engaging in any other activity that infringes on Plaintiff's rights in any manner.

4. Ordering Defendants to, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

5. Ordering that Defendants account for, and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Kolay Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6. Ordering that Plaintiff be awarded maximum statutory damages against each Defendant in the amount of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just, and if this Court finds willful use of the counterfeit marks pursuant to 15 U.S.C. § 1117(c)(2); in the alternative, that Plaintiff be awarded maximum statutory damages against each Defendant in the amount of $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just pursuant to 15 U.S.C. § 1117(c)(1);

7. Awarding Plaintiff recovery of its full costs and reasonable attorney's fees jointly and severally against the Defendants pursuant to 15 U.S.C. § 1117;

8. For pre-judgment and post-judgment interest on all amounts awarded;

9. For reasonable attorney fees and costs incurred;

...

...

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

10. For such other and further relief as this Court may deem just and proper.

DATED this 14th day of February 2025.

_/s/ Michael C. Van_
MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
GARRETT R. CHASE, ESQ.
Nevada Bar No. 14498
JOSHUA J. FLOTH, ESQ.
Nevada Bar No. 16860
8985 S. Eastern Ave., Suite 100
Las Vegas, NV 89123
*Attorneys for Plaintiff*

VC2 LAW
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel: (702) 478-7770 o Fax: (702) 478-7779

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Ramsaur Law Office, 950 Pacific Ave, Ste 1030, Tacoma, WA 98402

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1412, 28 U.S.C. §1404(A), AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/27/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello rbello@goeforlaw.com, kmurphy@goeforlaw.com**
- **Christopher Cramer secured@becket-lee.com**
- **Marc C Forsythe** mforsythe@goeforlaw.com, **mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com**
- **Douglas Harris Douglas.harris@alston.com, melanie.mizrahie@alston.com**
- **Brett Ramsaur brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com**
- **Victor A Sahn victor.sahn@gmlaw.com, vsahn@ecf.courtdrive.com;pdillamar@ecf.courtdrive.com;patricia.dillamar@gmlaw.com,Karen.Files@gmlaw.com**
- **Alan G Tippie Alan.Tippie@gmlaw.com, atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) 2/27/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- VC2 Law
  c/o Michael C. Van, Esq., Garrett R. Chase, Esq., Joshua J. Floth, Esq.,
  8985 South Eastern Ave, Suite 100
  Las Vegas, NV 89123

☐ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 2/27/2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- michael@vc2law.com
- garrett@vc2law.com
- josh@vc2law.com

Honorable Judge Deborah J. Saltzman does not require Judge's Copies unless requested.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2025 | Kianna Ahlstrom | Kianna Ahlstrom |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |